[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-13729
Non-Argument Calendar

_____

D. C. Docket No. 04-00190-CR-ORL-19-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROMY DAVID SWIFT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 15, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Jeromy David Swift appeals his conviction of possession with intent to

distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). He argues that the district court erroneously denied his motion for judgment of acquittal, because weaknesses in the testimony of James Snowden, a confidential informant on whose testimony the government relied, would have left a reasonable jury with reasonable doubt that he was guilty. We affirm.

Snowden testified that Swift provided him with methamphetamine on two occasions. On both occasions, Snowden then gave the methamphetamine to law enforcement officers. Snowden also testified that, on another occasion, he witnessed Swift receive a large quantity of methamphetamine, weigh it, and divide it into six or eight smaller bags that Swift described as samples. The government also presented as evidence a tape-recorded conversation in which Snowden asked Swift to see what price Swift could get for three to four ounces of methamphetamine. Swift placed a cellular phone call and arranged to meet someone, after which he told Snowden, "I'll find out a price, and I'll find out tomorrow."

Swift argues that two weaknesses in Snowden's testimony should have led the jury to find the entirety of his testimony incredible and, without Snowden's testimony, the evidence was not sufficient to support his conviction. First, Snowden testified that on the first occasion Swift provided him with

methamphetamine, he "immediately" turned it over to Agent Errich Barrett of the Drug Enforcement Administration, but later testimony established that Agent Barrett was out of town when the sale was made and Snowden did not turn the sample over to him until several days after he first received it. Second, Snowden testified that on the other occasion Swift provided methamphetamine to Snowden, Swift "took off" from the building they were in after the sale, but none of the six law enforcement officers who were watching the building saw Swift exit the building. Because the electronic surveillance equipment Snowden was wearing malfunctioned, Snowden's testimony was the only evidence supporting this drug transaction.

We review the denial of a motion for judgment of acquittal de novo, drawing all reasonable inferences in favor of the government. United States v. Perez-Tosta, 36 F.3d 1552, 1556 (11th Cir. 1994). We give juries wide latitude to determine the credibility of witnesses, United States v. Cravero, 530 F.2d 666, 670 (5th Cir. 1976), and will disregard a witness's testimony as inherently incredible only when it is "unbelievable on its face" or "so contrary to the teachings of human experience that no rational person could believe it," United States v. Jones, 913 F.2d 1552, 1559 n.7 (11th Cir. 1990).

Snowden's testimony was not inherently incredible. The jury was entitled to

find that when Snowden said he immediately turned over the first quantity of methamphetamine to Agent Barrett, Snowden meant that he turned it over at the first available opportunity. It is also not unbelievable on its face, or contrary to human experience, to believe that Swift left the building without being noticed by law enforcement.

Viewing this and all of the evidence in the light most favorable to the government, there was sufficient evidence to support Swift's conviction. "In order to convict [Swift] of possession with intent to distribute methamphetamine, the Government had to establish three elements: (1) knowledge; (2) possession; and (3) intent to distribute." United States v. Gamboa, 166 F.3d 1327, 1331 (11th Cir. 1999) (internal quotation marks omitted). The evidence established that Swift provided Snowden with methamphetamine on two occasions; arranged a meeting in preparation for providing him with methamphetamine on a third occasion; and received, weighed, and divided into several bags a large quantity of methamphetamine on yet another occasion. A reasonable jury was entitled to find that Swift knowingly possessed methamphetamine for the purpose of distributing it.

**AFFIRMED.**

4